

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:02-CR-116(1) |
| | § | |
| KEVIN MORRIS | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Kevin Morris, violated conditions of supervised release imposed by United States District Judge Richard A. Schell. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #38) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on February 14, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On April 21, 2003, The Honorable Richard A. Schell, United States District Judge, sentenced Kevin Morris after he pled guilty to the offense of felon in possession of a firearm, a Class A felony. Judge Schell sentenced the defendant to 120 months imprisonment followed by five (5) years of supervised release subject to the standard conditions of release, plus special conditions to include to include drug aftercare; mental health aftercare; financial disclosure and a $100 special assessment. On December 28, 2011, Kevin Morris completed his period of imprisonment and began service of the supervision term.

B. **Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following mandatory condition of his supervised release:

*The defendant shall not commit another federal, state or local crime.*

Specifically, on May 7, 2012, Kevin Morris was arrested in Hardin County, Texas, on the charge of Driving While Intoxicated. While intoxicated, Mr. Morris was transported to the Hardin County Jail. He was released from the Hardin County Jail on May 8, 2012, after posting bond.

C. **Evidence presented at Hearing**

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government would prove that Kevin Morris was arrested in Hardin County on May 7, 2012, on DUI charges and he was released on bail. The Government would also present certified documents showing that on February 7, 2013, Mr. Morris appeared in the County Court at Law of Hardin County, at which time he was convicted on the charge of driving while intoxicated. He received a sentence of 148 days jail time, with credit for time served in the Hardin County Jail.

Defendant, Kevin Morris, offered a plea of true to the allegations. Specifically, he agreed with the evidence presented and pled true to the allegation that he was convicted on the state crime of driving while intoxicated in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by being convicted on a new state crime.

A violation of supervision conditions in the manner stated above constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions committing the new state crime of driving while intoxicated. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Kevin Morris, to serve a term of **fourteen (14) months imprisonment** with no further supervision to follow in this case. The Court also recommends that Mr. Morris be placed in the Federal Correctional Complex (FCC) in Beaumont, Texas, if possible, as requested by the defendant.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts

require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of February, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE